# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EMILIO VALENZUELA,

      Plaintiff,

v.                                                                 No. CV 16-522 CG

NANCY A. BERRYHILL,
Acting Commissioner of Social Security
Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Emilio Valenzuela's *Motion to Reverse and Remand for a Rehearing with Supporting Memorandum* (the "Motion"), (Doc. 16), filed December 23, 2016; Defendant Commissioner Nancy A. Berryhill's *Brief In Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 18), filed March 3, 2017; and Mr. Valenzuela's *Reply in Support of Plaintiff's Motion to Reverse and Remand for a Rehearing* (the "Reply"), (Doc. 19), filed March 20, 2017.

Mr. Valenzuela filed for supplemental security income ("SSI") on March 7, 2013, (Administrative Record "AR" 121), alleging anxiety, post-traumatic stress disorder ("PTSD"), and depression prevented him from working. (AR 70). Mr. Valenzuela's claim was denied initially on May 6, 2013, (AR 78), and again upon reconsideration on August 19, 2013, (AR 88). Mr. Valenzuela requested a hearing before an administrative law judge ("ALJ"), (AR 100), which was granted, and a hearing was held on September 24, 2014, before ALJ John Rolph. (AR 30-68). Mr. Valenzuela was represented at the hearing by his current counsel, Michael Armstrong. (AR 30).

On January 25, 2015, ALJ Rolph issued his decision, finding Mr. Valenzuela not disabled and ineligible for SSI. (AR 13-25). Mr. Valenzuela requested review by the Appeals Council, (AR 12), which was denied, (AR 1-3), making ALJ Rolph's decision the Commissioner's final decision for purposes of this appeal.

Mr. Valenzuela has appealed to this Court arguing ALJ Rolph erred by improperly rejecting the opinion of Troy Hill, Ph.D., a licensed marriage and family therapist.[1] (Doc. 16 at 6). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ erred in his evaluation of Dr. Hill's opinion, the Court finds that Plaintiff's motion should be **GRANTED**.

I.      **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or show . . . that she has done so, are grounds for reversal." *Winfrey v.*

---

[1] The parties appear to disagree on Troy Hill's appropriate title. Plaintiff refers to him as "Mr. Hill" or "Treating Therapist Hill." (Doc. 16 at 9-10, 17-20). The Commissioner and the ALJ, however, refer to him as "Dr. Hill," as the record reflects he has a Ph.D. (AR 23; Doc. 18 at 7-10). For consistency, the Court will refer to him as "Dr. Hill."

*Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting" it. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

II.    **Applicable Law and Sequential Evaluation Process**

For purposes of SSI, a claimant establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has

3

lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (2015), 42 U.S.C. § 1382c(a)(3)(A) (2004); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012).

At the first four steps of the SEP, the claimant bears the burden of showing: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; or (4) he is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *see Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation process. At step five the Commissioner must show the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III. Background

Mr. Valenzuela filed for SSI claiming anxiety, PTSD, and depression affected his ability to work. (AR 121). At step one of the SEP, the ALJ determined Mr. Valenzuela had not engaged in any substantial gainful activity since his application date. (AR 18). At step two, the ALJ concluded Mr. Valenzuela had the following severe impairments: cannabis abuse, depression, anxiety, antisocial personality disorder, and intermittent

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

4

explosive disorder. (AR 18). Next, at step three, the ALJ found that none of Mr. Valenzuela's impairments, singly or in combination, met or medically equaled a Listing impairment. (AR 19-20).

According to the ALJ, Mr. Valenzuela has the RFC to perform a full range of work at all exertional levels with several nonexertional limitations. First, Mr. Valenzuela is capable of learning, remembering, and performing only simple, routine, and repetitive tasks that involve simple instructions. (AR 21). Further, the tasks must be performed in a low-stress work environment, i.e. one with regular pace, few changes, and no "'over the shoulder'" supervision. (AR 21). Finally, Mr. Valenzuela can maintain concentration, persistence, and pace for two to three hours at a time with normal breaks; may have only occasional, superficial contact with supervisors and coworkers; and should have minimal to no contact with the public. (AR 21).

The ALJ then evaluated Mr. Valenzuela's subjective complaints and compared them with the medical evidence. While the ALJ believed Mr. Valenzuela's alleged symptoms could have been caused by his impairments, the ALJ found Mr. Valenzuela's statements as to the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (AR 21). The ALJ thought it telling that Mr. Valenzuela applied for work but was denied due to his criminal record, (AR 21, 23), and that Mr. Valenzuela's condition improved during therapy, (AR 22).

Turning to opinion evidence, the ALJ gave several opinions little or no weight. (AR 22-23). The ALJ gave "no weight" to one medical opinion because it was unsupported by any rationale, (AR 22), and gave little weight to Dr. Hill's opinion (AR 23). The ALJ recited Dr. Hill's findings and assigned them little weight because they

were "simply not supported by the medical evidence." (AR 23). The ALJ also gave little weight to the Third Party Function Reports completed by Mr. Valenzuela's mother and daughter. (AR 23). The ALJ reasoned that they could not be considered disinterested third parties and their opinions were similar to Mr. Valenzuela's allegations, which the ALJ previously determined were inconsistent with the record. (AR 23). Finally, the ALJ gave two state agency consultants and Carmen Diaz, Ph.D., "significant weight" because he considered those opinions consistent with the record. (AR 22-23).

Proceeding to step five, the ALJ found Mr. Valenzuela had no relevant past work. (AR 24). However, relying on VE testimony, the ALJ found Mr. Valenzuela capable of performing work in significant numbers in the national economy. (AR 24-25). Accordingly, the ALJ found Mr. Valenzuela not disabled for purposes of the Social Security Act. (AR 25).

## IV. Analysis

Mr. Valenzuela argues the ALJ committed harmful, reversible legal error in assigning Dr. Hill's opinion little weight. (Doc. 16 at 16-20). Specifically, Mr. Valenzuela contends the ALJ's reasoning was not sufficiently specific for the Court to meaningfully review. (Doc. 16 at 17). The Commissioner counters that the ALJ reasonably disregarded Dr. Hill's opinion. (Doc. 18 at 7-10).

ALJs must evaluate and weigh every medical opinion in the record. 20 C.F.R. § 416.927(c); *see also* Social Security Ruling "SSR" 06-03p, 2006 WL 2329939 (Aug. 9, 2006). In deciding how much weight to give a source's opinion, the ALJ considers the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, whether the opinion is supported by objective medical

evidence, and whether the opinion is consistent with the record as a whole. § 416.927(c)(1)-(6). An ALJ need not explicitly discuss every single factor. *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Rather, the ALJ must only "give good reasons" that are "sufficiently specific to make clear to any subsequent reviewers the weight" he gave to the opinion "and the reasons for that weight." SSR 96-2P, 1996 WL 374188 at *5 (July 2, 1996).

An ALJ's reasoning is not sufficiently specific if he merely states an opinion is unsupported by or inconsistent with the medical evidence without further explanation. *Langley*, 373 F.3d at 1122-23; *see Cagle v. Astrue*, 266 Fed. Appx. 788, 792-793 (10th Cir. 2008) (unpublished); *Wise v. Barnhart*, 129 Fed. Appx. 443, 447 (10th Cir. 2005) (unpublished); *King v. Barnhart*, 114 Fed. Appx. 968, 972 (10th Cir. 2004) (unpublished). In *Langley*, the ALJ rejected two source opinions as unsupported by medical evidence. *Langley*, 373 F.3d at 1120, 1122 (rejecting one doctor's opinion as "'wholly unsupported'" by the record and a second doctor's as "'not supported'" by the record). However, the ALJ did not explain how the opinions were unsupported or inconsistent with the medical record. *Id.* The Tenth Circuit Court of Appeals reversed, explaining the ALJ's reasoning did not permit meaningful review. *Id.* at 1123 ("Because the ALJ failed to explain or identify what the claimed inconsistencies were between Dr. Williams's opinion and the other substantial evidence in the record, his reasons for rejecting that opinion are not 'sufficiently specific' to enable this court to meaningfully review his findings.").

In this case, Dr. Hill completed a Medical Assessment of Ability to do Work-Related Activities (Mental) form on April 7, 2014, rating a number of Mr. Valenzuela's

7

abilities and limitations. (AR 409-13). Dr. Hill indicated Mr. Valenzuela has moderate or marked limitations in everything except Mr. Valenzuela's ability to make simple work-related decisions. (AR 409-10). Further, Dr. Hill marked that Mr. Valenzuela has medically documented symptoms of Listing-level Affective Disorders and Anxiety-Related Disorders. (AR 412-13).

The ALJ's full discussion of Dr. Hill's opinion was as follows:

Little weight is given to Troy Hill, Ph.D'.s opinion. Dr. Hill appears to be one of [Mr. Valenzuela's] counselors. He opined that [Mr. Valenzuela] had rather extreme limitations, including marked limitations in sustaining an ordinary routine without special supervision and being aware of normal work hazards. In fact, the opinion provided by Dr. Hill would support a finding that [Mr. Valenzuela] meets both listing 12.04 and 12.06, discussed above. This opinion is simply not supported by the medical evidence and cannot be relied upon.

(AR 23) (citation omitted). The ALJ did not elaborate on how Dr. Hill's opinion was unsupported or inconsistent with the record.

The Court finds the ALJ's conclusory rejection of Dr. Hill's findings insufficient to permit meaningful review. Although the ALJ provided a facially valid reason for assigning Dr. Hill's opinion little weight, the ALJ failed to support that finding with specific evidence. *See Langley*, 373 F.3d at 1121. The ALJ's brief recount and summary finding do not demonstrate that he considered Dr. Hill's opinion in accordance with § 416.927(c); therefore the Court must reverse and remand. *See Winfrey*, 92 F.3d at 1019 (citation omitted).

The Commissioner cites *Endriss v. Astrue*, 506 Fed. Appx. 772, 777 (10th Cir. 2012) (unpublished), in support of her argument that the ALJ was not required to repeat his earlier discussion of medical evidence. (Doc. 18 at 7-9). While similar, *Endriss* is distinguishable. In *Endriss*, the claimant argued that the ALJ's reason for discounting a

8

doctor's opinion–that it was inconsistent with medical evidence–was impermissibly vague. 506 Fed. Appx. at 775. Though the ALJ did not discuss medical evidence when weighing the opinion, he specifically cited exhibits that he thoroughly discussed earlier in his decision. *Id.* "Reading the ALJ's decision as a whole," the Tenth Circuit found the ALJ provided a "good reason for the weight he ultimately assigned the opinion." *Id.* at 776.

Here, the ALJ did not even cite evidence supporting his decision. While the ALJ discussed some medical evidence in weighing Mr. Valenzuela's credibility, the ALJ did not refer to that discussion when weighing Dr. Hill's findings. Without even a reference to specific medical evidence, the Court is left to guess at how exactly Dr. Hill's findings were unsupported by the record. In these circumstances, the Court cannot meaningfully review the ALJ's decision.

## V.     Recommendation

For the foregoing reasons, the Court finds that the ALJ failed to apply the correct legal standards in assigning Dr. Hill's opinion little weight. **IT IS THEREFORE ORDERED** that Mr. Valenzuela's *Motion to Reverse and Remand for Hearing with Supporting Memorandum*, (Doc. 16), is **GRANTED**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE